Lesley M. Grossberg (NJ Bar No. 21682008)
Kevin M. Bovard
  **pro hac vice* application to be filed
BAKER & HOSTETLER LLP
2929 Arch Street – 12th Fl.
Philadelphia, PA 19104
(215) 568-3100
(215) 568-3439 (Fax)

*Attorneys for Plaintiff Patricia Robitaille*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## TRENTON DIVISION

| | |
|---|---|
| **PATRICIA ROBITAILLE,**<br><br>        Plaintiff,<br><br>            v.<br><br>**BRIAN ZIMA and**<br>**MELODY ZIMA,**<br><br>        Defendants. | **Civil Action No.**<br><br>**COMPLAINT FOR (1) A**<br>**DECLARATION OF JOINT**<br>**COPYRIGHT OWNERSHIP; and**<br>**(2) AN ACCOUNTING**<br><br><br>**Jury Trial Demanded** |

Plaintiff, Patricia Robitaille ("Plaintiff"), by and through her attorneys, for

her Complaint against Brian Zima and Melody Zima (jointly the "Defendants")

alleges as follows:

## THE NATURE OF THE ACTION

1.     This is a civil action under the Copyright Act seeking declaratory judgment that John D. Murphy, deceased, is a joint author of the work, *How to Have Confidence and Power in Dealing with People* (the "Joint Work"), a literary work co-authored with Leslie T. Giblin, and for an accounting for any revenue derived from the Defendants' exploitation of the Joint Work and any derivative works, including but not limited to *The Art of Dealing with People*.

## THE PARTIES

2.     Plaintiff  is the sole surviving daughter of John D. Murphy, and successor-in-interest to Mr. Murphy's rights in the Joint Work, *How to Have Confidence and Power in Dealing with People*.  Plaintiff resides in McKinney, Texas.

3.     Plaintiff is the sole owner of John D. Murphy's rights and interest in the Joint Work.

4.     On information and belief, Defendant Brian Zima, is the grandson of Leslie T. Giblin, and a successor-in-interest to Mr. Giblin's rights in the Joint Work.  Upon information and belief, Mr. Zima resides at 119 South Franklin Street, Lambertville, NJ 08530

5.     On information and belief, Defendant Melody Zima is the daughter of Leslie T. Giblin, and a successor-in-interest to Mr. Giblin's rights in the Joint

Work.  Upon information and belief, Ms. Zima resides at 64 Knollwood Road, Upper Saddle River, NJ 07458.

6.     On information and belief, Defendants are currently the sole owners of Leslie T. Giblin's rights and interest in the Joint Work.

## JURISDICTION AND VENUE

7.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1332(a) and 1338 because this action arises under the copyright laws of the United States of America, 17 U.S.C. § 101 *et seq.*  The Court has supplemental jurisdiction over Plaintiff's state law claim under 28 U.S.C. § 1367.

8.     Plaintiff's action is proper under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

9.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)(1) and 1400(a). On information and belief, all Defendants are residents of the State of New Jersey.

10.     This Court has personal jurisdiction over all Defendants because the Defendants reside in this state and district and/or regularly and purposefully conduct business in New Jersey and this district.

## BACKGROUND

### The Joint Work

11.     On June 9, 1955, Leslie T. Giblin ("Mr. Giblin") and John D. Murphy

("Mr. Murphy") contracted with Prentice-Hall, Inc. to co-author a self-help book,

tentatively titled *The Golden Key to Successful Human Relations*.  Attached as Ex.

A is a true and correct copy of the 1955 contract (the "Agreement").  Mr. Murphy

and Mr. Giblin are jointly identified as "Author" in the Agreement.

12.     Over the course of the next several months, Mr. Murphy and Mr.

Giblin set to writing and finalizing the manuscript for the book, with Mr. Murphy

writing the substantial portion of the Joint Work.

13.      The Joint Work was published on or about June 1, 1956, and at

publication, the Joint Work was given the title *How to Have Confidence and*

*Power in Dealing with People*.  Copyright was secured on June 1, 1956 under U.S.

Copyright Registration No. A000000238496, a true and correct copy of which is

attached as Ex. B.  For promotional purposes, Leslie T. Giblin's name was used in

advertising and selling the Joint Work (Ex. A, ¶N).

14.     Renewal in the copyright was made on April 25, 1984 under U.S.

Copyright Registration No. RE0000204611, a true and correct copy of which is

attached as Ex. C.

15.     Sales of the Joint Work were tremendously successful.  To date, hundreds of thousands of copies have been sold, and the book has been printed and sold around the globe.

16.     For over half a century, it has never been disputed by the parties or their publisher that Mr. Murphy and Mr. Giblin were co-authors of the Joint Work.

17.     As co-authors under the Agreement, "[r]oyalties [were] to be divided equally between Leslie T. Giblin and John D. Murphy." Ex. A, ¶ 4.  Accordingly, Prentice-Hall, Inc. (and its successors-in-interest) continuously paid royalties to Mr. Murphy and Mr. Giblin in equal shares.

18.     Upon the death of Mr. Murphy, royalties continued to be distributed to his heirs, including Plaintiff.  Upon the death of Mr. Giblin, royalties continued to be distributed to his heirs, including Defendants.

19.     Pursuant to 17 U.S.C. § 304(c), on January 22, 2014, Mr. Giblin's heirs served on the publisher a Notice of Termination of Transfer, terminating the transfer of  Leslie T. Giblin's interest in the Joint Work to Prentice-Hall vis-à-vis the 1955 Agreement.  The effective date of this termination was set for January 29, 2016.

20.     On October 1, 2014, Plaintiff, through counsel, wrote to Defendants about their Notice of Termination of Transfer, seeking to discuss collaboration on future distribution of the work.   No response was received from Defendants.

21.     On January 7, 2015, Plaintiff served a Notice of Termination of Transfer, terminating the transfer of John D. Murphy's interest in the Joint Work to Prentice-Hall vis-à-vis the 1955 Agreement, with an effective date of January 14, 2017.

22.     On January 23, 2015, counsel for Defendants wrote to Plaintiff's counsel, advising for the first time that "our client Brian Zima's position is that [Robitaille] do[es] not have an ownership interest" in the Joint Work.  Defendants nonetheless sought to speak with Plaintiff "to see if a resolution can be reached." A true and correct copy of this January 23 correspondence is attached hereto as Ex. D.

23.     On March 2, 2015, Plaintiff produced to Defendants correspondence between Mr. Giblin, Mr. Murphy, and their publisher, further evidencing that Mr. Murphy wrote the substantial portion of the Joint Work and was a co-author and co-owner of the Joint Work.  A true and correct copy of the March 2 correspondence, with enclosures, is attached as Ex. E.

24.     Ultimately, no agreement was reached to transfer Plaintiff's interest in the Joint Work to Defendants.  Plaintiff, through counsel, wrote to Defendants on February 17, 2016, asking Plaintiff to state one way or another whether Defendants were in fact repudiating Plaintiff's interests in the Joint Work in light of the

discussions and materials that had been exchanged in 2015.  No response was received to this communication or to follow-up communications.

<u>Defendants' Sale of the Work and Derivative Works</u>

25.     As of May 2016, Defendants are selling at least paperback and electronic book ("e-book") editions of the Joint Work through their closely-held company, Les Giblin Books, Inc.

26.     Defendants have refused to disclose their sales activities for the Joint Work and have not provided an accounting to Plaintiff for their sales of the Joint Work.

27.     Defendants also sell and have sold a work entitled *The Art of Dealing with People*, which is a derivative work of the Joint Work.

28.     *The Art of Dealing with People* is sold by Defendants in at least paperback, e-book format, and as an audio book.

29.     Plaintiff has received no payment from Defendants for their sales of the Joint Work or *The Art of Dealing with People.*

30.      Defendants have failed to provide an accounting to Plaintiff for their exploitation of the Joint Work by virtue of their sales of the Joint Work and derivative works.

## COUNT I:
### (Declaratory Judgment of Joint Authorship)

31.     Plaintiff repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

32.     John D. Murphy, to whom Plaintiff is the sole successor-in-interest, is a co-author of the Joint Work.

33.     Upon information and belief, Defendants contend that John D. Murphy is not a co-author of the Joint Work.

34.     By reason of the foregoing, there is a justiciable controversy between Plaintiff and Defendants.

35.     Accordingly, Plaintiff is entitled to a declaration that John D. Murphy is a co-author of the Joint Work, and that Plaintiff, as sole successor-in-interest to John D. Murphy, is a co-owner of the Joint Work.

## COUNT II:
### (Accounting)

36.     Plaintiff repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

37.     Upon information and belief, Defendants have received monies from the exploitation of the Joint Work and derivative works of the same.

38.     By reason of the foregoing, Plaintiff is entitled to an accounting and satisfaction of Plaintiff's share of all monies received by Defendants from their exploitation of the Joint Work and derivative works of the same.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment as follows:

A.     A declaration that John D. Murphy is the co-author of the Joint Work, and that Plaintiff, as the sole successor-in-interest to John D. Murphy, is co-owner of the copyright in the Joint Work;

B.     An order that the certificates of U.S. copyright registration for the Joint Work be corrected to add John D. Murphy as the co-author of the Joint Work;

C.     An accounting of all revenues that have been derived from Defendants' use of the Joint Work, including all print editions, electronic book editions, audio book editions, foreign editions, and all other derivative works, including but not limited to revenues derived from any edition of *The Art of Dealing with People*;

D.     An award of attorneys' fees and costs of suit;

E.     An award of pre-judgment and post-judgment interest on any monies awarded in this matter;

F.     Such other and further relief as the Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff

respectfully demands a trial by jury of all issues in this action so triable.

Dated: May 13, 2016          By:    *Lesley M Grossberg*

                                     Lesley M. Grossberg (NJ Bar No. 21682008)
                                     Kevin M. Bovard
                                       **pro hac vice** application to be filed
                                     BAKER & HOSTETLER LLP
                                     2929 Arch Street – 12th Fl.
                                     Philadelphia, PA 19104
                                     (215) 568-3100
                                     (215) 568-3439 (Fax)
                                     lgrossberg@bakerlaw.com
                                     kbovard@bakerlaw.com

                                     *Attorneys for Plaintiff Patricia Robitaille*

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

I certify that, to the best of my knowledge, the subject matter in controversy

is not the subject of any other action pending in any court, or of any pending

arbitration or administrative proceeding.

Dated:    May 13, 2016

_____
Lesley M. Grossberg
BAKER & HOSTETLER LLP